UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEGO A/S <br><br> Plaintiff, <br><br> v. <br><br> LAROSE INDUSTRIES LLC d/b/a CRA-Z-ART <br><br> Defendant. | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** <br><br> March 20, 2014 |

## COMPLAINT

Plaintiff LEGO A/S ("LEGO") files this complaint against defendant LaRose Industries LLC d/b/a Cra-Z-Art ("Cra-Z-Art") and alleges as follows:

## THE PARTIES

1. Plaintiff LEGO is a private company with a place of business located at Aastvej 1, Dk-7190, Billund, Denmark.

2. Upon information and belief, defendant Cra-Z-Art is a division of LaRose Industries LLC, a New Jersey corporation, and has its principal place of business at 1578 Sussex Turnpike, Randolph, NJ 07869. Upon information and belief, Cra-Z-Art does business in the State of Connecticut.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint pursuant to at least 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

4. This Court has personal jurisdiction over Cra-Z-Art by virtue of, among other things, it transacting, doing, and soliciting business in this District and because the harm caused by the Defendant's actions occurred in this District.

5. Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(b)(2).

## THE FRIENDS FIGURINES AND LEGO'S PATENTS AND COPYRIGHTS

6. In 2012, the LEGO® brand introduced its Friends figurines, which include a group of miniature figurines representative of LEGO Friends characters, namely, Mia, Olivia, Emma, Andrea, and Stephanie, who live in the imaginary LEGO® toy world of Heartlake City. With themed elements and colorful details, LEGO® toy sets featuring the Friends figurines allow consumers to design and build their own Heartlake City play scenarios, such as Heartlake City Pool and Heartlake Pet Salon.

7. Each LEGO Friends figurine has a head, arms, legs, and features certain fixed facial expressions and various clothing styles. It comprises a distinct trapezoidal torso, cylindrical head, arms bent slightly at the elbows, straight legs, and inverted feet with rounded front edge and smaller sole outfitted with a multitude of shoe styles.

8. The LEGO Friends figurines embody features that are the subject of at least the following U.S. design patents (collectively, "the Asserted Patents"):

   a. D682,367, entitled "Female Toy Figure,' a copy of which is attached hereto as Exhibit A;

   b. D672,411, entitled "Toy Figure," a copy of which is attached hereto as Exhibit B;

   c. D672,412, entitled "Toy Figure," a copy of which is attached hereto as Exhibit C;

   d. D678,432, entitled "Toy Figure," a copy of which is attached hereto as Exhibit D;

   e. D672,413, entitled "Toy Figure," a copy of which is attached hereto as

        Exhibit E;

    f.    D682,367, entitled "Female Toy Figure," a copy of which is attached hereto as Exhibit F; and

    g.    D689,568, entitled "Head for a Toy Figure," a copy of which is attached hereto as Exhibit G.

9.    LEGO is the lawful owner, by assignment, of all rights, title, and interest in all of the Asserted Patents.

10.    LEGO also owns several copyrights registered with the United States Copyright Office, including Registration Numbers VA 1-876-291, VA 1-876-279, VA 1-876-378, and VA 1-876-373 (collectively, "the Asserted Copyrights"), which claim features embodied in the LEGO Friends figurines.  Copies of the deposit materials submitted to the United States Copyright Office as part of the Registered Copyrights are attached as Exhibits H through K.

## CRA-Z-ART'S INFRINGING FIGURINE

11.    Cra-Z-Art supplies into and sells toy sets in the United States, many of which include a figurine having a trapezoidal torso, cylindrical head, arms bent slightly at the elbows, straight legs, and inverted feet ("the Infringing Figurine").  The Infringing Figurine is marketed and sold in, at least, Cra-Z-Art's LITE BRIX toy sets or as a Cra-Z-Art LITE BRIX figurine.

12.    Cra-Z-Art's Infringing Figurine is strikingly and substantially similar to the Asserted Copyrights, and infringes claims of the Asserted Patents that are embodied in the LEGO Friends figurines.  In fact, the torso, head, arms, legs, and feet of Cra-Z-Art's Infringing Figurine all have nearly exact dimensions and proportions as those respective parts of the Asserted Copyrights and the corresponding claims of the Asserted Patents.

13.    The photographs below show a LITE BRIX toy set sold by Cra-Z-Art featuring

the Infringing Figure on the left, and an example of a LEGO Friends toy set featuring the protected LEGO Friends figurines on the right:






LITE BRIX Pet Shop Toy Set and the Infringing Figurine

LEGO Friends Heartlake Pet Salon Toy Set and LEGO Friends figurines

14. Upon information and belief, Cra-Z-Art had access to the protected LEGO Friends figurines.

15. Cra-Z-Art's Infringing Figurine is an unauthorized reproduction of the Asserted Copyrights and the Asserted Patents.

16. LEGO has no agreement of any kind with Cra-Z-Art that would authorize Cra-Z-

-4-

Art's reproduction of the Asserted Copyrights and the Asserted Patents or the sale or distribution of the Infringing Figurine.

## COUNT I
### (Patent Infringement)

17. LEGO repeats and realleges paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. LEGO is the owner, by assignment, of all rights, title and interest in the Asserted Patents.

19. By making, using, offering to sell, selling, and/or importing into the United States the Infringing Figurine, Defendant has infringed and continues to infringe the Asserted Patents, in violation of 35 U.S.C. § 271.

20. Upon information and belief, Defendant's infringement of the Asserted Patents is willful, entitling LEGO to increased damages pursuant to 35 U.S.C. § 284.

21. In addition, this case is exceptional, entitling LEGO to attorneys' fees and costs pursuant to 35 U.S.C. § 285.

22. Unless enjoined by the Court, Defendant will continue to infringe the Asserted Patents.

23. As a direct and proximate result of Defendant's conduct, LEGO has suffered, and will continue to suffer, irreparable harm, for which it has no adequate remedy at law.

24. Unless this Court preliminarily and permanently enjoins Defendant's infringing product, LEGO will continue to be irreparably harmed by Defendant's infringement of the Asserted Patents.

## COUNT II
### (Copyright Infringement)

25. LEGO repeats and realleges paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The copyrighted LEGO Friends figurines comprise, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq.* LEGO has complied in all respects with the laws governing copyright and has secured the rights and privileges in, to and under the Asserted Copyrights embodied in the LEGO Friends figurines.

27. In violation of LEGO's exclusive rights in the LEGO Friends figurines and the Asserted Copyrights, Cra-Z-Art has reproduced the Asserted Copyrights, and sold and distributed the Infringing Figurine that is strikingly and substantially similar to the LEGO Friends figurines.

28. Cra-Z-Art's unlawful conduct constitutes infringement of LEGO's exclusive rights in the Asserted Copyrights including without limitation LEGO's rights under 17 U.S.C. § 106.

29. Upon information and belief, through its acts described above, Cra-Z-Art has knowingly and willfully infringed LEGO's exclusive rights in the Asserted Copyrights including, without limitation, LEGO's exclusive rights under 17 U.S.C. § 106.

30. Upon information and belief, as a direct and proximate result of Cra-Z-Art's wrongful conduct, Cra-Z-Art has realized and continues to realize profits and other benefits rightfully belonging to LEGO.

31. As a result of Cra-Z-Art's unlawful conduct, LEGO has suffered and will

continue to suffer damages.

32. Cra-Z-Art's continued, unauthorized reproduction of the Asserted Copyrights, and sale and distribution of the Infringing Figurine is causing and will cause LEGO irreparable harm.

## COUNT III
### (Violation of the Connecticut Unfair Trade Practices Act)

33. LEGO repeats and realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. By engaging in the acts alleged above, Cra-Z-Art has willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles, and established concepts of fairness.

35. Cra-Z-Art's willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous.

36. Cra-Z-Art's conduct has caused and will continue to cause substantial injury to LEGO and to the public interest.

37. Cra-Z-Art committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

38. LEGO has suffered, and if Cra-Z-Art is not enjoined will continue to suffer, an ascertainable loss of money or property as a result of Cra-Z-Art's actions.

39. By virtue of the above conduct, Cra-Z-Art has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.

40. Cra-Z-Art's continued unlawful and unfair trade practices are causing and will cause LEGO irreparable harm.

41. A copy of this Complaint has been mailed to the Attorney General as required by

Conn. Gen. Stat. § 42-110g(c).

**WHEREFORE**, LEGO requests judgment as follows:

1. For a preliminary and permanent injunction restraining Cra-Z-Art, its officers, agents, servants and employees, and all persons in active concert or participation with Cra-Z-Art or with any of the foregoing from infringing any of the claims of the Asserted Patents in any manner;

2. For a judgment that one or more of the claims of the Asserted Patents have been infringed by Defendant;

3. For a preliminary and permanent injunction restraining Cra-Z-Art, its officers, agents, servants and employees, and all persons in active concert or participation with Cra-Z-Art or with any of the foregoing from:

    (a) making unauthorized reproductions of the copyrighted LEGO Friends figurines including any figurine that is substantially similar to the Asserted Copyrights;

    (b) continuing to distribute, sell, offer for sale, or authorize the sale of the Infringing Figurine or any other figurine that is substantially similar to the Asserted Copyrights;

4. For a judgment that the Asserted Copyrights have been infringed by Defendant;

5. An order that Cra-Z-Art be directed to file with this Court and serve on LEGO within thirty days after the service of an injunction, a report, in writing and under oath, confirming the destruction or other disposition of all copies of the Infringing figurine and all means of producing copies of the Infringing figurine.

6. Awarding LEGO damages adequate to compensate LEGO for Defendant's patent

infringement, but in no event less than a reasonable royalty, together with interest thereon;

7. Awarding LEGO a threefold increase in damages as a result of willful infringement by Defendant;

8. Awarding LEGO its actual damages and Cra-Z-Art's profits in an amount to be determined at trial or statutory damages pursuant to 17 U.S.C. § 504;

9. Awarding LEGO enhanced, statutory damages pursuant to 17 U.S.C. § 504(c);

10. Awarding LEGO its reasonable attorneys' fees and costs pursuant to at least Conn. Gen. Stat. § 42-110g(d) and 17 U.S.C. § 505; and

11. Such other and further relief as the Court deems appropriate.

## **JURY DEMAND**

The Plaintiff demands a trial by jury of all issues so triable.

By: /s/ Elizabeth A. Alquist
Elizabeth A. Alquist (ct15643)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Tel. (860) 275-0100
Fax (860) 275-0343
eaalquist@daypitney.com

Cecilia Zhang Stiber (ct27430)
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901-2047
Tel. (203) 977-7300
Fax (203) 977-7301
cstiber@daypitney.com

*Attorneys for Plaintiff LEGO A/S*